## SOUTHERN OVERLYING CARRIER CHAPTER OF THE CALIFORNIA DUMP TRUCK OWNERS ASSOCIATION ET AL. v. PUBLIC UTILITIES COMMISSION OF CALIFORNIA

No. 76–1526.  Decided October 11, 1977

PER CURIAM.

In this appeal from a judgment of the Supreme Court of California, appellants challenge the constitutionality of the promulgation by appellee of certain rate tariffs applicable to dump truck carriers operating in California.  They contend essentially that the tariffs violate their rights to due process and equal protection guaranteed by the Fourteenth Amendment because appellee issued them on the basis of findings unsupported by any evidence in the record.  We have been informed by the parties that subsequent to the filing of the jurisdictional statement with this Court appellee reopened its proceedings at appellants' request and is conducting additional evidentiary hearings concerning the contested regulations. These hearings may remove the basis for, or significantly alter the nature of, appellants' constitutional attack.  Consequently, we dismiss the appeal without prejudice to appellants' raising of any appropriate federal claims following the completion of

the additional proceedings. See *Boston & M. R. Co.* v. *United States,* 358 U. S. 68 (1958).

*So ordered.*

MR. JUSTICE REHNQUIST, dissenting.

Since this appeal is properly before us, prior practice indicates that we must either dispose of it on the merits or advance some principled reason for not doing so. The statutory distinction, drawn by Congress, between certiorari and appeal would seem to require no less. While this Court's dismissal of the appeal in *Boston & M. R. Co.* v. *United States,* 358 U. S. 68 (1958), may be justified as an exercise of our supervisory power over the lower federal courts, a proper respect for the independence of the state systems requires that as a general rule we deal with appeals from their judgments on the merits.

Since Art. III of the Constitution limits our jurisdiction to cases and controversies, we have occasionally dismissed a state appeal as moot, *In re Sarner,* 361 U. S. 233 (1960); *Castellano* v. *Commission of Investigation,* 361 U. S. 7 (1959), and we may be compelled to do so even though a state court has found a justiciable controversy under its own law, see *Richardson* v. *Ramirez,* 418 U. S. 24, 36 (1974). But there has been no suggestion of mootness here.

Indeed, all there is here is an apparent preference on the part of the Court not to decide the merits of this case just now. This is not, in my opinion, a defensible exception to the principle that we must treat appeals on their merits. I conclude that the federal constitutional claims rejected by the Supreme Court of California have no merit.* Accordingly, I

---

*I am satisfied that, for purposes of our jurisdiction under 28 U. S. C. § 1257, the judgment of the Supreme Court of California is final. That judgment, denying appellants' petition for review, has finally rejected their claim that the commission proceedings were constitutionally defective. That court has not exercised any "latent power . . . to reopen or revise

would dismiss the appeal for want of a substantial federal question. If other constitutional claims arise out of the re-opened proceedings, they should be presented in an appeal from a subsequent final judgment.

---

its judgment." *Market St. R. Co.* v. *Railroad Comm'n,* 324 U. S. 548, 551 (1945). I fail to see how the subsequent actions of the parties can disturb the finality of that judgment. Nor does the Court suggest otherwise.